IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ) | | |
| K & R LIMITED PARTNERSHIP, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | Civil Action No. 99-1343 (RCL) | |
| ) | | |
| MASSACHUSETTS HOUSING ) | | |
| FINANCE AGENCY, ) | | |
| ) | | |
| Defendant. ) | | |
| _____) | | |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

Pursuant to Fed. R. Civ. P. 37(a)(2)(B) the Plaintiff, K&R Limited Partnership, hereby moves this Court for an Order requiring the Defendant to produce for inspection and copying the documents sought in "Plaintiff's Second Request for Production of Documents". In accordance with Fed. R. Civ. P. 37(a)(2)(B) and LCvR 7(m), Plaintiff, through counsel, has, without success, conferred in good faith with Defendant's counsel in an effort to secure the documents requested without court action.

**STATEMENT IN SUPPORT OF PLAINTIFF'S
MOTION TO COMPEL DISCOVERY**

**Introduction**

On July 2, 2004, Plaintiff served its second request for production of documents. On August 4, 2004, Defendant served its response to Plaintiff's request. Plaintiff's counsel concluded that Defendant's response was inadequate and contacted Defendant's counsel to discuss Defendant's response. After an exchange of several letters (the most recent letter from

Defendant's counsel being dated December 2, 2004) and many telephone conversations between counsel, the parties were unable to resolve the dispute.

At issue are Defendant's General Objections and Defendant's response to Request Nos. 4, 8, 9, 10, 11 and 12.[1]  Defendant's General Objections and response to Request Nos. 4, 8, 9, 10, 11 and 12 are as follows:

### GENERAL OBJECTIONS

MHFA incorporates the following General Objections in each of its specific responses to the Document Requests.

1. MHFA objects to producing any documents that fall within the attorney-client privilege, the work product doctrine, or any other applicable privilege.  In responding to these requests, MHFA otherwise does not waive, but preserves, all such privileges.

2. MHFA objects to the Document Request to the extent that it calls for production of documents which are irrelevant, immaterial, or not germane to any claim or defense in this action.

3. MHFA objects to the Document Request to the extent that it purports to impose obligations on MHFA beyond those set forth in, or exceeds the scope of discovery permitted under, the Federal Rules of Civil Procedure or any other rules applicable to this action, and will only produce those documents required to be produced under said applicable rules.

4. MHFA objects to the Document Request to the extent that it purports to call for production of documents not within MHFA's possession, custody, or control.

---

[1] Plaintiff agreed to not insist upon any response to Request Nos. 1, 2, 3, 5, 6 and 7 after Defendant objected to these requests and counsel discussed them.

5. MHFA objects to the Document Request to the extent that it purports to require supplementation beyond the requirements of the Federal Rules of Civil Procedure or any other rules applicable to this action.

6. MHFA objects to the designation of the "time period covered by each is from January 1, 1992 to the present." MHFA will produce responsive documents, if any, from January 1, 1992 through the date of service of K&R's original complaint in this matter.

7. MHFA objects to the Document Request to the extent that it purports to require it to produce documents concerning any project other than the projects specified in each count of the Amended Complaint.

8. MHFA objects to the Document Request to the extent that it purports to require it to produce documents that it has already produced in the course of this litigation.

9. MHFA will produce documents responsive to the Document Request at a date and time mutually convenient for the parties.

**REQUEST NO. 4:**

All communications and correspondence, including emails, between Defendant and any other State Housing Finance Agency ("HFA") that mention, discuss or refer to the issue of whether an HFA is entitled to retain the savings realized from the refunding of bonds that had been issued originally for the purpose of making mortgage loans to owners of multifamily housing rental projects that were to be assisted under HUD's 236 Program.

**RESPONSE**

Subject to and without waiving its General Objections, MHFA will produce non-privileged documents responsive to this Request, to the extent that any such documents exist in its possession, custody, or control.

**REQUEST NO. 8:**

All documents that mention, refer to or are related to the August 3, 1993 letter, a copy of which is attached as Exhibit A, from Howard Cohen to Paul Burbine, an employee of Defendant.

**RESPONSE**

Subject to and without waiving its General Objections, MHFA will produce non-privileged documents responsive to this Request, to the extent that any such documents exist in its possession, custody, or control.

**REQUEST NO. 9:**

All documents that mention, refer to or are related to the August 21, 1993 letter, a copy of which is attached as Exhibit B, from Joseph Craven to Charles Carey.

**RESPONSE:**

Subject to and without waiving its General Objections, MHFA will produce non-privileged documents responsive to this Request, to the extent that any such documents exist in its possession, custody, or control.

**REQUEST NO. 10:**

Defendant's application (whenever submitted), and any documents related thereto, to HUD requesting that HUD approve Defendant's participation in HUD's 236 Program.

**RESPONSE:**

Subject to and without waiving its General Objections, MHFA will produce non-privileged documents responsive to this Request, to the extent that any such documents exist in its possession, custody, or control.

**REQUEST NO. 11:**

All correspondence and communications, including emails, between Defendant and any auditor retained by the Defendant during the years 1992 to the present that mention, discuss or refer to the issue of whether Defendant is entitled to retain the savings realized from the refunding of any bonds that had been issued originally by Defendant for the purpose, among others, of making mortgage loans to owners of multifamily housing rental projects that were to be assisted under HUD's 236 Program.

**RESPONSE:**

MHFA objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably limited in scope of time.  Subject to and without waiving these objections and its General Objections, MHFA will produce non-privileged documents responsive to this Request in accordance with General Objection No. 6, to the extent that any such documents exist in its possession, custody, or control.

**REQUEST NO. 12:**

All agreements between Defendant and the owner of any multifamily rental housing project for which mortgage financing was provided by Defendant pursuant to which Defendant agreed to share with the owner any part of the savings realized from the refunding of the bonds that had been issued by Defendant to provide such mortgage financing to the owner and other owners of multifamily rental housing projects.

**RESPONSE:**

MHFA objects to this Request on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections or its General Objections, MHFA will produce non-privileged documents responsive to this Request concerning the 1993 Bonds and HUD's 236 Program, as those terms are defined

in the Document Requests, and the projects at issue in this litigation, to the extent that any such documents exist in its possession, custody, or control.

## **Argument**

In its response to Request Nos. 4, 8, 9 and 10, Defendant stated it would produce non-privileged documents responsive to the request "subject to and without waiving its General Objections." Plaintiff questioned the validity of Defendant's General Objections and tried to determine whether any documents were being withheld pursuant to any of the General Objections or pursuant to privilege. Specifically, in a letter to Defendant's counsel, Plaintiff's counsel stated, "However, it is unclear from the responses whether and which objections are the basis for not producing any documents. For example, are any documents being withheld on the basis of General Objection No. 6? Likewise, are any of the [other] General Objections the basis for withholding any documents? If not, no further discussion is necessary."

In response, Defendant's counsel asserted in a letter to Plaintiff's counsel, "Each of MHFA's responses set forth the detailed basis for any objection interposed." Accordingly, Plaintiff was never able to determine whether Defendant's objections were the basis for the withholding of any documents. However, since no documents have been received from Defendant, one can only assume that must be the case.

The boilerplate General Objections interposed by Defendant do not comply with Fed. R. Civ. P. 34(b) and courts disfavor them. *Athridge v. Aetna Casualty and Surety Co.*, 184 F.R.D. 181, 190 (D.D.C. 1998). Asserting generalized objections and then agreeing to produce non-privileged documents subject to and without waiving such objections, "serves only to obscure potentially discoverable information and provides no mechanism for either plaintiffs or the Court to review defendant's decisions." *Id.* Such objections are invalid and negate Defendant's right

6

to object. *Id.* at 191. Therefore, Defendant must produce any documents withheld in response to Requests Nos. 4, 8, 9 and 10 that were withheld on the basis of the objections interposed.

In its response to Request No. 11, Defendant stated it would produce non-privileged documents subject to its General Objections "in accordance with General Objection No. 6". General Objection No. 6 stated that Defendant objected to Plaintiff's designation of the period covered by the requests from January 1, 1992 to the present and based on that objection, Defendant would produce documents for the period of January 1, 1992 through the date the original Complaint was served. The original Complaint was served in June 2000, more than four years before Plaintiff's second document request was served.

During the course of the parties' attempt to resolve the dispute over General Objection No. 6, Defendant's counsel stated in a letter to Plaintiff's counsel that he believes General Objection No. 6 is valid because, "… we do not believe that the Federal Rules of Civil Procedure envision or require that discovery be unrestricted in terms of time, or that those Rules require that a party engage in a day-to-day supplementation of production with contemporaneously created documents". However, Plaintiff did not request that Defendant engage in a day-to-day supplementation of production with contemporaneously created documents. Rather, Plaintiff requested that Defendant produce the documents in its possession, custody or control as of the date Defendant served its response to Plaintiff's document request.

The central issue in this case is whether Defendant was required, when Defendant issued its bonds in 1993 (the "1993 Bonds") to refund bonds it had issued previously, to lower the interest rate on the outstanding mortgage loans that had been funded by the previously issued bonds and, if so, whether Defendant's requests to HUD for the payment of subsidies under HUD's 236 Program, which are calculated based on a project's mortgage interest rate,

constituted false claims since the requests subsequent to the issuance of the 1993 Bonds did not take into account the lower interest rate achieved through that refunding.

Request No. 11 seeks information that is directly related to this central issue. For example, it is Plaintiff's understanding that several owners, or an agent thereof, of the projects listed in the counts of the Amended Complaint have refused to confirm their project's mortgage interest rate when requested by Defendant or its auditor because they have asserted that their project mortgage interest rate should reflect the lower interest rate achieved by Defendant when it issued the 1993 Bonds. Therefore, any communications between Defendant and its auditor regarding this refusal by owners of 236 projects is directly relevant to the issues of this case. Moreover, Defendant continues to administer HUD's 236 Program and it is Plaintiff's assertion that Defendant has filed additional false claims every month since the original Complaint was filed.

Accordingly, given the continuing nature of Defendant's subsidy claims to HUD and the relevancy of the information sought by Request No. 11, Defendant's attempt to limit its discovery response to request No. 11, to a period terminating on the date on which the Complaint was served, is invalid. *See Dart Drug Corp. v. Corning Glass Works*, 480 F. Supp. 1091, 1106 (D. Md. 1979) ("Discovery as to materials produced after the filing of the complaint is proper where the materials are relevant to plaintiff's claims."). In addition, withholding any documents sought by Request No. 11 on the basis of any of the other General Objections is inappropriate. Again, Defendant has not provided a single page in response to Request No. 11, even for the period to which Defendant seeks to limit its duty to respond.

As noted above, in its response to Request No. 12, Defendant agreed to produce documents concerning the 1993 Bonds and HUD's 236 Program and the projects at issue in this

litigation.  However, Defendant administers other multifamily housing loan programs pursuant to which Defendant has provided mortgage loans financed by bonds it issued and then refunded those bonds to lower the interest rate.  Moreover, the mortgage notes of the projects under the other programs are the same or similar to the mortgage notes for the projects at issue in this case.  Therefore, to the extent Defendant agreed to share with an owner of a non-236 project the interest savings realized from a bond refunding, the fact of that sharing and reasons why Defendant chose to share the interest savings with the owners of such projects, but not make any adjustments for the projects at issue, are clearly relevant to this case.

Any such decision or agreement could have a bearing on whether Defendant was legally required to reduce the interest rate on the mortgages of the projects at issue and share the resultant savings with HUD through a reduction in the interest subsidy paid by HUD to Defendant.  Accordingly, Plaintiff is entitled to all of the information sought by Request No. 12.  Moreover, as discussed above, withholding any documents sought by Request No. 12 on the basis of any of Defendant's General Objections or the boilerplate general objections that the Request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence is inappropriate.  Again, no documents have been received from Defendant in response to Request No. 12.

For the reasons discussed above, the Court should hold that Defendant' General Objections and other boilerplate general objections are invalid and compel Defendant to provide the documents sought by Request Nos. 4, 8, 9, 10, 11 and 12.  Moreover, the Court should award Plaintiff the costs it incurred, including attorney fees, in making this motion.

        _____
        Carl A.S. Coan, Jr.
        Carl A.S. Coan, III
        Coan & Lyons
        1100 Connecticut Avenue, N.W.
        Suite 1000
        Washington, DC  20036
        202-728-1070
        Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a copy of "Motion to Compel Discovery" was mailed on December 13, 2004 by first class mail, postage prepaid, to:

    Michael Tingle, Esq.
    Civil Division
    U.S. Department of Justice
    P.O. Box 261, Ben Franklin Station
    Washington, D.C. 20044

        _____
        Carl A.S. Coan, Jr.