UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* )<br>K&R LIMITED PARTNERSHIP,           )<br>                                                            )<br>                        Plaintiffs,           )<br>                                                            )<br>            v.                                             )<br>                                                            )<br>MASSACHUSETTS HOUSING           )<br>  FINANCE AGENCY,                           )<br>                                                            )<br>                        Defendant.          )<br>_____) | Civil Action No. 99-1343 (RCL) |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION
TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

**General Objections**

In its Opposition to Plaintiff's Motion to Compel Discovery, Defendant states that Plaintiff has never expressed any specific concern with Defendant's General Objections, other than General Objection No. 6, interposed in its responses to Request Nos. 4, 8, 9, 10 and 11.  Opp. 2-3. Defendant's statement is disingenuous at best.

Plaintiff's counsel first raised the issue of the validity of many of the objections, including all of the General Objections, which were interposed by the Defendant in its response to Plaintiff's Second Request for the Production of Documents in a September 17, 2004 letter from Plaintiff's counsel to Defendant's counsel.  In that letter, Plaintiff's counsel stated,

> As a preliminary matter, blanket objections contained **in your General Objections** and the objections contained in your responses are invalid.  See *Athridge v. Aetna*, 184 F.R.D. 181, 190 (D.D.C. 1998) (blanket objections as to relevance, burdensomeness and privilege do not comply with Fed. R. Civ. P. 34(b) and courts disfavor them).  Moreover, a party opposing a discovery request must show specifically how the request is overly broad or unduly burdensome by submitting an affidavit or offering evidence which shows the nature of the burden.  *Id.* at 191.

In accordance with Fed. R. Civ. P. 37(a)(2)(B) and LCvR 7(m), the parties' counsel conferred by telephone on October 4, 2004 to discuss the issues raised by Plaintiff's counsel in the September 17, 2004 letter.

On October 8, 2004, Plaintiff's counsel wrote a letter to Defendant's counsel to summarize the result of their October 4 telephone conversation. In that letter, Plaintiff's counsel stated,

> First, I would like to reiterate that it is our firm belief that unsupported, generalized objections are invalid. Although I do not disagree that for many attorneys this is a standard practice, the law in this jurisdiction is clear. See Athridge v. Aetna, 184 F.R.D. 181, 190 (D.D.C. 1998) (blanket objections as to relevance, burdensomeness and privilege do not comply with Fed. R. Civ P. 34(b) and courts disfavor them).[1]
>
> * * *
>
> I am confident that if challenged in a motion to compel, General Objection No. 6 and your other generalized objections would not be upheld by the Court. However, it is unclear from the responses whether and which objections are the basis for not producing any documents. For example, are any documents being withheld on the basis of General Objection No. 6? Likewise, are **any of the General Objections** the basis for withholding any documents? If not, no further discussion is necessary.

Defendant's response to Request Nos. 4, 8, 9 and 10 all state that Defendant would produce non-privileged documents "Subject to and without waiving its General Objections". In its response to Request Nos. 11 and 12, Defendant interposed additional general objections and stated it would produce non-privileged documents "subject to and without waiving these objections or its General Objections".

---

[1] In its Opposition, Defendant asserts that Plaintiff's reliance on *Athridge* is inapposite because in light of the extensive discussions between counsel, Plaintiff cannot claim that there is any confusion about the basis of Defendant's objections or that Plaintiff has been denied the "mechanism … to review defendant's decisions". Opp. 3 n.2. As stated in the October 8 letter, if Defendant's General Objections were not the basis for withholding any documents, the discovery dispute would be narrowed significantly. However, Defendant's response to the October 8, 2004 letter was, as stated in an October 28, 2004 letter from Defendant's counsel, "Each of MHFA's responses set forth the detailed basis for any objection interposed."

All of Defendant's responses were "subject to without waiving" its objections. To this day, Plaintiff does not know whether any of Defendant's objections, except for General Objection No. 6, were the basis for withholding any documents. Accordingly, *Athridge* is directly on point.

As indicated above, Plaintiff questioned and discussed the validity of all the General Objections interposed by Defendant in **all** its responses. Clearly, Plaintiff has complied with its obligations under Fed. R. Civ. P. 37(a)(2)(B) and LCvR7(m).  Therefore, Defendant assertion that Plaintiff's motion must be denied for failure to comply with these two Rules should be rejected.

### General Objection No. 6

As justification for General Objection No. 6, Defendant states that the principal events at issue in this case occurred in 1993.  Opp. 5.  This is not correct.

The principal events at issue in this case are the requests for payment of interest reduction payments under HUD's 236 Program that have been submitted by Defendant to HUD **every** month since the bonds underlying the mortgage loans of the 236 projects listed in the Amended Complaint were refunded in 1993.  Defendant has submitted over fifty false claims since the Complaint was served and apparently intends to continue submitting false claims monthly until this case is resolved.  Given the ongoing nature of Plaintiff's claim, any documents created by Defendant since the service of the Complaint are clearly relevant to the claims and defenses of the parties.

Defendant states that documents created after service of the Complaint will not show why Defendant determined it should request the same amount of subsidy after the 1993 Bonds were issued, or whether Defendant had the requisite level of scienter.  Opp. 5.  These statements are self-serving and, significantly, Defendant cites no case which supports Defendant's apparent position that it may withhold documents because Defendant has unilaterally determined what its documents would show and has concluded that the documents are not relevant to any claim or defense of either party.  Vesting a party with such authority is tantamount to giving the jail keys to an inmate.

3

Again, unlike many other actions, Plaintiff's claim is ongoing. Moreover, Defendant's participation in HUD's 236 Program is subject to continuing oversight by HUD.[2] Therefore, it is entirely possible that documents created after the service of the Complaint may contain information that is relevant to any claim or defense of the parties.[3] Plaintiff won't know for certain until Defendant produces the documents requested.

In its Opposition, Defendant expresses surprise at the focus by Plaintiff, in its Motion to Compel, on Defendant's response to Request No. 11. However, as discussed in Plaintiff's Motion, Defendant's Opposition and this Reply, General Objection No. 6 was discussed thoroughly by the parties prior to the filing of Plaintiff's Motion. Moreover, of the responses at issue, Defendant's response to Request No. 11 is the only response that specifically mentioned General Objection No. 6. Therefore, Defendant's surprise is puzzling.

Nevertheless, Plaintiff was pleased at the apparent offer made by Defendant in its Opposition to produce a number of documents in response to Request No. 11 "as a reasonable narrowing of the parties' discovery dispute". Opp. 5-6. In the hope that the offer is still open, Plaintiff will contact Defendant to accept its offer to produce the documents specified in the Opposition. However, Plaintiff is also entitled to any other documents that are responsive to Request No. 11, and the other Requests at issue, that were created after service of the Complaint.

### Request No. 12

Defendant has refused to produce any documents in response to Request No. 12 that relate to any non-236 multifamily housing rental subsidy program administered by Defendant.

---

[2] Although it apparently gives the Defendant great comfort to point it out, similar to Dorothy's mantra "There's no place like home" in the Wizard of Oz, the fact that the Government decided not to intervene, or that HUD continues to pay the same amount of subsidy, is of no legal significance.

[3] Internal agency documents not addressed to any of Defendant's counsel that discuss the issues of this case would

4

The stated reasons for Defendant's position is Defendant's self-serving, unilateral determination that the documents sought are not relevant to any claim or defense in this action, or reasonably calculated to lead to the discovery of admissible evidence. Opp. 7. In addition, Defendant asserts that Plaintiff has provided no explanation of how Defendant's actions regarding a non-236 subsidy are relevant to this action.

In the documents produced by the Defendant in response to Plaintiff's first document request, there was an internal memorandum dated August 9, 1996 from Fred Rupp, an employee of Defendant, to John Doherty, an in-house attorney of Defendant at that time. In this memorandum, Mr. Rupp asked Mr. Doherty,

> As a follow-up to my e-mail of Wednesday, I request your opinion regarding any possible implications arising from the 93AHPB refunder. I spoke with Paul Burbine, who indicated that Bond counsel saw no effect because the mortgage note did not change, thus there was no reason for the recalculation of HUD subsidy billings. Paul also said there was no written opinion on this matter.
>
> I am concerned that we modified the monthly Section 236 monthly voucher to HUD to show the 93AHPB change but have no written opinion of counsel that the subsidy need not be recalculated. Can you please discuss with Paul, and draft a brief affirmation of bond counsel's stated but unwritten opinion? That would prove very helpful if HUD questions our actions. Thanks.

On November 21, 1996, Mr. Doherty sent his response to Mr. Rupp's August 9, 1996 Memo. In his memorandum, Mr. Doherty stated,

> Attached for your information is a memo dated August 25, 1992 written by Ed Pollack that addresses your issue. Although Mr. Pollack's memo concerns a Section 8 bond refunder, the conclusion as stated in this memo are [sic] just as applicable to a Section 236 refunding issue. I have a call into Charles Carey to see if there is anything in writing from him on this issue.

Mr. Rupp's Memo raised the salient issue of this case – Were the 236 subsidies required to be recalculated after the 1993 Bonds were issued. In response, Defendant's in-house counsel

---

clearly be relevant and would not be protected by privilege.

referred Mr. Rupp to a memo from another in-house counsel of Defendant dealing with project mortgages and a refunding of the bonds underlying such mortgages under HUD's Section 8 Program. Certainly, if Defendant itself resolved this important issue regarding the 236 Program through reference to a legal opinion regarding HUD's Section 8 Program, the documents sought by Plaintiff in Request No. 12 may contain information relevant to the issues of this case. Plaintiff won't know, as with any document request, until the documents are produced and reviewed.

### Conclusion

For the reasons stated above and in Plaintiff's Motion to Compel, the Court should hold that Defendant's General Objections and other boilerplate general objections are invalid and compel Defendant to provide the documents sought by Request Nos. 4, 8, 9, 10, 11 and 12 in "Plaintiff's Second Request for Production of Documents".

January 7, 2005  _____
Carl A.S. Coan, Jr.
Carl A.S. Coan, III
Coan & Lyons
1100 Connecticut Avenue, N.W.
Suite 1000
Washington, DC  20036
202-728-1070
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a copy of "Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion to Compel Discovery" was mailed by first class mail on January 7, 2005, postage prepaid, to:

> Michal Tingle, Esq.
> Civil Division
> U.S. Department of Justice
> P.O. Box 261 Ben Franklin Station
> Washington, DC 20044

_____
Carl A.S. Coan, Jr.