IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, <u>ex rel</u>. K & R LIMITED PARTNERSHIP,<br><br>Plaintiff-Relator,<br><br>v.<br><br>MASSACHUSETTS HOUSING FINANCE AGENCY,<br><br>Defendant. | NO. 99-CV-01343 (RCL) |

### MASSACHUSETTS HOUSING FINANCE AGENCY'S
### MOTION TO STRIKE AFFIDAVIT OF ROBERT ERCOLINI

Pursuant to Rule 56(e) of the Federal Rules of Civil Procedure, the Massachusetts Housing Finance Agency (the "MHFA") hereby moves to strike Paragraphs 1-17 of the Affidavit of Robert Ercolini. These portions of Mr. Ercolini's affidavit contain inadmissible evidence in the form of (1) undisclosed expert testimony in violation of Fed. R. Civ. P. 26(a)(2); and (2) impermissible hearsay in violation of FRE 802. As such, the facts, opinions, and inferences contained in Paragraphs 1-17 are impermissible under Fed. R. Civ. P. 56(e) and cannot be properly introduced by K&R through an affidavit in opposition to MHFA's motion for summary judgment.

### Relevant Facts

*The Parties' Expert Disclosures*:

On August 17, 2004, the Court issued an order requiring, *inter alia*, that "the disclosures required by Fed. R. Civ. P. 26(a)(2), including an exchange of expert witness reports, shall be made by November 30, 2004." Order, Aug. 17, 2004 (Lamberth, J.). In accordance with this order, on November 30, 2004, the MHFA disclosed Anthony S. Freedman, Esq. as an expert

witness and provided K&R with a report compliant with Rule 26(a)(2).  Having failed to make any disclosures, on December 10, 2004, approximately two weeks after this deadline, K&R moved for an extension of time to "retain a rebuttal expert and provide the disclosures required by Rule 26(a)(2)."  Plaintiff's Mot. to Obtain Rebuttal Expert and to Extend Disc. Deadlines.  On August 23, 2005, the Court granted K&R's motion and ordered that the "plaintiff shall have 15 days in which to obtain an expert and to serve the defendant with disclosures required by Fed. R. Civ. P. 26(a)(2), including an expert witness report…."  Mem. and Order, Aug. 23, 2005.  Despite having been given another chance to make an expert disclosure, K&R failed to make such a disclosure and, instead, on September 1, 2005, K&R moved for an additional extension of time to identify an expert.  On September 19, 2005, the Court denied that portion of K&R's motion.

*The Ercolini Affidavit*:

Despite having never disclosed an expert in accordance with the Court's scheduling order or otherwise complied with the requirements of Rule 26(a)(2), on May 4, 2006, K&R filed the 17-page Affidavit of Robert Ercolini (the "Ercolini Affidavit") in opposition to MHFA's Motion for Summary Judgment.  The Ercolini Affidavit presents detailed testimony of a technical and specialized nature.  As set forth therein, Mr. Ercolini is purportedly a Certified Public Accountant with "a significant concentration in the area of federal and other regulated affordable housing developments…."  Ercolini Aff., ¶¶ 1-2.  The stated objective of the Ercolini Affidavit is to "inform the Court of MHFA's financial position in accordance with generally accepted accounting principles … and the MHFA's accounting practices and financial presentations made in its financial statements…."  Ercolini Aff., ¶ 2.  In this regard, Mr. Ercolini reviews various complex accounting treatments under Generally Accepted Accounting Principles

("GAAP"), as well as rules and procedures related to the highly technical application of Financial Accounting Standards Board "Statement of Financial Accounting No. 5, Accounting for Contingencies," ("FAS5") and Financial Accounting Standards 91. Id., at ¶¶ 12, 17. Through 17 pages of testimony, Mr. Ercolini purports to apply these sophisticated processes to the MHFA's financial statements. Id., at ¶¶ 12-15, 17. Ultimately, Mr. Ercolini opines on the propriety of the MHFA's accounting practices, contending, *inter alia*, that errors exist with respect to the calculation of allowances under FAS5, and that "MHFA failed to comply with generally accepted accounting principles in presenting its financial position and results of operations." Id., ¶ 10.

None of these opinions are based on Mr. Ercolini's own personal knowledge. Rather, for the purposes of the Affidavit, Mr. Ercolini reviews certain reports and relies on a number of statements offered by third-parties. These third-party statements concern, *inter alia*, MHFA's financial position, including statements allegedly made by McCall & Almy, Inc. (¶ 3), the *Boston Globe* (¶¶ 4, 8), and PricewaterhouseCoopers (¶ 16), as well as third-party statements concerning his own firm's reputation within the industry (¶ 2).

## ARGUMENT

I.  **PARAGRAPHS 1-17 OF THE ERCOLINI AFFIDAVIT SHOULD BE STRUCK BECAUSE THEY CONTAIN INADMISSIBLE FACTS AND OPINIONS.**

Rule 56(e) of the Federal Rules of Civil Procedure provides that affidavits may be submitted in support of or in opposition to summary judgment motions only if such affidavits "*set forth such facts as would be admissible in evidence*…." Fed. R. Civ. P. 56(e) (emphasis supplied). In contrast to these requirements, the testimony provided by Mr. Ercolini in paragraphs 1-17 of the Affidavit constitutes impermissible expert testimony of an undisclosed expert witness, as well as hearsay testimony. Accordingly, all portions of the Affidavit

containing this inadmissible evidence, as well as all references in K&R's Opposition to these portions of the Ercolini Affidavit, should be struck.[1]

  **1.**  **The Testimony Should be Struck Because it Constitutes Undisclosed Expert Witness Testimony Prohibited by FRE 701(c) and FRCP 26(a)(2).**

    **A.**  **K&R Did Not Disclose Mr. Ercolini as an Expert Witness.**

Federal Rule of Civil Procedure 26(a)(2) mandates specific disclosure requirements for expert witnesses. Among other things, the Rule states that, "[a] party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence." Fed. R. Civ. P. 26(a)(2). K&R was provided ample opportunity to make expert disclosures in this instance. Not only did it fail to make such disclosures within the time provided by the Court's scheduling order, it further declined to take advantage of the extension it expressly requested to make its disclosures. Having failed to make *any* 26(a)(2) disclosures, K&R is prohibited from introducing the type of expert testimony governed by this rule.

Faced with the consequences of its own inaction, however, K&R has submitted the Ercolini Affidavit, replete with testimony of a highly technical and specialized nature including, *inter alia*, the application of Generally Accepted Accounting Principles and Financial Accounting Standards Board Statements to MHFA's financial position and statements. Since K&R has failed to make requisite Fed. R. Civ. P. 26(a)(2) disclosures, Mr. Ercolini's testimony is *only* permissible if it can be properly characterized as lay testimony under Federal Rule of Evidence 701.

---

[1] MHFA does not seek to strike paragraphs 18-21 of the Ercolini Affidavit, which are apparently based on Mr. Ercolini's personal knowledge as a developer of the Algonquin Heights project.

4

### B. Rule 701(c) Prohibits Lay Testimony Based On Scientific, Technical, or Specialized Knowledge That Does Not Result From Everyday Life or Experience.

Unless a witness is properly disclosed pursuant to Fed. R. Civ. P. 26(a)(2), Federal Rule of Evidence 701 is the only available mechanism for introducing a witness's testimony. FRE 701 governs opinion testimony provided by lay witnesses and states, in pertinent part, that "[i]f the witness is *not* testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are … (c) *not based on scientific, technical, or other specialized knowledge within the scope of Rule 702*." Fed. R. Evid. 701(c), emphasis added. Notably, sub-part (c) of this Rule was added in 2000 specifically to "eliminate the risk that the reliability requirements set forth in Rule 702 [governing expert witness testimony] will be evaded through the simple expedient of proffering an expert in lay witness clothing." Advisory Committee Notes to FRE 701, 2000 Amendments. Similarly, by channeling testimony that is actually expert testimony to Rule 702, "the amendment also ensures that *a party will not evade the expert witness disclosure requirements set forth in Fed. R. Civ. P. 26*." Id. (emphasis supplied).

As indicated in the Advisory Committee Notes, the 2000 amendments incorporate the distinctions set forth in State v. Brown, a case involving former Tennessee Rule of Evidence 701, a rule that precluded lay witness testimony based on "special knowledge." See id., citing 836 S.W.2d 530, 549 (Tenn. 1992). In Brown, the court declared that the distinction between lay and expert witness testimony is that lay testimony "results from everyday life," while expert testimony "results from a process of reasoning which can be mastered only by specialists in the field." Id.; see also Doddy v. Oxy USA, Inc., 101 F.3d 448, 460 (5th Cir. 1996) (emphasis supplied) ("a person may testify as a lay witness only if his opinions or inferences *do not require any specialized knowledge and could be reached by any ordinary person*"); Freedom Wireless,

5

Inc. v. Boston Commc'ns. Group, Inc., 369 F.Supp.2d 155, 157 (D. Mass. 2005), quoting United States v. Oliver, 908 F.2d 260, 263-64 (8th Cir. 1990) (emphasis supplied) (reasoning that lay opinion is proper only when it involves a witness "stat[ing] his conclusions *based upon common knowledge or experience*").

Testimony such as Mr. Ercolini's has been struck in situations markedly analogous to the present case. For instance, in Wechsler v. Hunt Health Systems, Ltd., the District Court for the Southern District of New York considered affidavit testimony introduced by a certified public accountant in support of the defendant's accounting processes. See 198 F.Supp.2d 508, 529 (S.D.N.Y. 2002). As in this instance, the witness making the affidavit had not been disclosed as an expert pursuant to Fed. R. Civ. P. 26(a)(2). Id. Despite the defendant's insistence that the affiant was *not* providing expert testimony, the court disagreed based on the substance of the affidavit. See Id. It noted that the affidavit stated, *inter alia*, "[i]n my understanding as a Texas certified public accountant, it was entirely proper for Hunt Health to account this way for the healthcare receivables that Hunt Health sold to Towers." Id. Given the fact that the witness had not been disclosed as an expert, the court reasoned that pursuant to FRE 701 "his testimony in the form of opinions or inferences is limited, *inter alia,* to those that are 'not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.'" Id. Because the court found that portions of the affidavit were "clearly … based upon [the witness's] expert knowledge as a Texas certified public accountant," the court struck the portions of the affidavit related to such testimony. See Id.

The Court of Federal Claims reached a similar conclusion in Cuyahoga Metropolitan Housing Authority v. United States in considering a housing authority's motion to strike the declaration of a government witness. See 60 Fed. Cl. 481, 482-83 (Ct. Fed. Cl. 2004).

6

In Cuyahoga, the implicated declaration contained testimony regarding comparable rents of HUD-assisted housing projects. Id. The housing authority argued that such testimony was not admissible as lay testimony and, thus, not properly includable as an exhibit to the government's motion for summary judgment. Id. Applying FRE 701(c), the court reasoned that the subject matter of the testimony – the selection of comparable properties – required knowledge of the characteristics of a given set of properties and how those characteristics are viewed in a given market. Id. It concluded that such an exercise did not "*result[] from a process of reasoning 'familiar in everyday life"* but, instead "*require[d] mastery of a specialized field.*" Id. at 483 (emphasis supplied). As such, it held that "[t]estimony by a lay person on such subjects seemingly is inappropriate." Id. at 483-84. Because the court found that the witness's declaration would be inadmissible under FRE 701, it held that it was not properly includible under Fed. R. Civ. P. 56(e) as an exhibit to the defendant's motion for summary judgment and, accordingly, granted the housing authority's motion to strike the declaration as well as all references in the defendant's brief to the declaration. Id.; see also Freedom Wireless, Inc., 369 F.Supp.2d at 157 (prohibiting testimony derived from undisclosed witness's specialized knowledge of telecommunications); Doddy, 101 F.3d at 460 (upholding district court's striking of portions of lay witness's affidavit dealing with specialized knowledge of toxic chemicals being used at well); United States v. Figueroa-Lopez, 125 F.3d 1241, 1243-46 (9th Cir. 1997) (finding testimony of law enforcement officer that defendant's actions were consistent with those of experienced drug traffickers was not "common enough" to be admitted as lay opinion testimony).

      The parallels between the instant matter and the testimony struck by the courts in Cuyahoga and Wechsler are obvious and dispositive. See Cuyahoga, 60 Fed. Cl. 481, 482-83;

Wechsler, 198 F.Supp.2d at 529.  The Ercolini Affidavit is replete with testimony regarding complex calculations and specialized knowledge known to Mr. Ercolini because of his background in public accounting.  See Ercolini Aff., *passim*.  Mr. Ercolini's testimony is unquestionably based – as he proudly declares – on his "expert knowledge as a … certified public accountant" (see Wechsler, 198 F.Supp.2d at 529) and his testimony concerning compliance with GAAP, FAS5, FAS91, and complex calculations regarding the MHFA's financial position does not "result[]from a process of reasoning 'familiar in everyday life' but, rather, requires mastery of a specialized field."  Cuyahoga, 60 Fed. Cl. Ct. at 482-83.  The fundamentals of GAAP and FASB are subjects far afield from common knowledge and experience.  See Oliver, 908 F.2d at 263-64.  Accordingly, testimony of this nature is specifically the type of "specialized knowledge" that Rule 701(c) was amended to preclude, and K&R should not be permitted to evade the reliability requirements of Rule 702 through the "simple expedient of proffering an expert in lay witness clothing."  See Adv. Comm. Notes, 2000 Am., FRE 701.  As in Cuyahoga and Wechsler, the portions of the Ercolini Affidavit containing technical or otherwise specialized knowledge should be struck, as should all references to the Affidavit contained in K&R's opposition to MHFA's motion for summary judgment.

  **2.** **The Testimony Should be Struck Because it Contains Inadmissible Hearsay.**

  Under FRE 802, a statement made by anyone other than the declarant, offered to prove the truth of the matter asserted, is characterized as hearsay which, unless it meets one of the exclusions or exceptions set forth in FRE 801 or FRE 803, constitutes inadmissible evidence.  In order to ensure that these and other evidentiary standards are not circumvented through the summary judgment process, Fed. R. Civ. P. 56(e) requires, among other things, that affidavits "set forth such facts as would be admissible in evidence."  Fed. R. Civ. P. 56(e).  Accordingly, it

BOST_202811.3

is axiomatic that an affiant cannot opine on otherwise inadmissible hearsay.  See, e.g., Carter v. George Washington University, 387 F.3d 872, 880 (D.C. Cir. 2004) ("we cannot consider inadmissible hearsay evidence presented by one party where, as here, the other party objected and moved to strike."); Commercial Drapery Contractors, Inc. v. United States, 133 F.3d 1, 7 (D.C. Cir. 1998) (stating that "[a]n affidavit … consisting entirely of inadmissible hearsay is not sufficient to defeat summary judgment"); Judicial Watch, Inc. v. United States Dept. of Commerce, 224 F.R.D. 261 (D.D.C. 2004) (striking portions of a declaration offered by the plaintiff in opposition to defendant's motion for summary judgment because such portions contained impermissible hearsay).

Here, in Paragraphs 1, 4, 8, and 16, Mr. Ercolini plainly relies on third-party statements for the truth of the matters asserted.  For instance, he repeatedly quotes various third-party sources to support his contention that MHFA was experiencing financial distress.  Specifically, Mr. Ercolini relies on portions of reports and statements made by the following individuals and entities:

- McCall & Almy, Inc.'s "Evaluation of the Financial Position of the Massachusetts Housing Finance Agency's "SHARP" Loan Portfolio" (Ercolini Aff, ¶ 3);

- Multiple articles from the *Boston Globe* (Id., at ¶¶ 4, 8); and

- A PricewaterhouseCoopers memo (Id., at ¶ 16).

Mr. Ercolini likewise relies on a third party review of accounting firms to support his description of his firm, Ercolini & Company LLP.  Id., at ¶ 1.

As third-party statements offered for the truth of the matters asserted, these statements are all inadmissible in evidence under FRE 802.  Accordingly, all statements containing hearsay are improper under Fed. R. Civ. P. 56(e) and should be struck from the Ercolini Affidavit.

9

## **CONCLUSION**

Consequently, because Paragraphs 1-17 contain inadmissible evidence in the form of undisclosed expert witness testimony and impermissible hearsay, they must be struck pursuant to Fed. R. Civ. P. 56(e) and cannot be used in support of K&R's Motion for Summary Judgment.

        Respectfully submitted,

        MASSACHUSETTS HOUSING
        FINANCE AGENCY,

        By its attorneys,

        /s/ Michael J. Tuteur
        Michael J. Tuteur (D.D.C. Adm. No. D00202)
        Lawrence M. Kraus
        FOLEY & LARDNER LLP
        111 Huntington Avenue
        Boston, MA 02199
        617-342-4000

        Stuart M. Gerson (D.C. Bar No. 94227)
        EPSTEIN BECKER & GREEN, P.C.
        1227 25th Street, N.W.
        Washington, DC 20037
        202-861-0900

Dated: June 7, 2006

## LOCAL RULE 7.1(m) STATEMENT

I hereby certify that I contacted opposing counsel via email, informed them of the foregoing Motion and the grounds therefore, and asked that they contact me should they be willing to agree to the requested relief. I received no response.

        /s/ Lawrence M. Kraus

BOST_202811.3

CERTIFICATE OF SERVICE

      I hereby certify that on this 7th day of June, 2006, I caused the foregoing to be served by causing a copy of this document to be mailed first class mail, postage prepaid to the following:

Michal Tingle, Esq.
Civil Division
U.S. Department of Justice
P.O. Box 261, Ben Franklin Station
Washington, DC  20044

Paul Mussenden, Esq.
Assistant U.S. Attorney
501 Third Street, N.W., 4th Floor
Washington, D.C.  20530

                                  /s/ Lawrence M. Kraus