IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ) <br> K & R LIMITED PARTNERSHIP, ) <br> ) <br>          Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MASSACHUSETTS HOUSING ) <br> FINANCE AGENCY, ) <br> ) <br>          Defendant. ) <br> _____) | Civil Action No. 99-1343 (RCL) |

**PLAINTIFF'S MOTION TO STRIKE EXHIBIT A TO DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff K&R Limited Partnership ("K&R") hereby files this Motion to Strike Massachusetts Housing Finance Agency's ("MHFA") Exhibit "A" that was attached to MHFA's Reply to K&R's Opposition to MHFA's Motion for Summary Judgment.

**BACKROUND**

On June 7, 2006, MHFA filed its Reply to K&R's Opposition to Defendant's Motion for Summary Judgment. As part of that Reply, MHFA attached a 57-page document labeled "Exhibit A". Exhibit A is nothing more than a 3-column table created by MHFA listing all 103 paragraphs from its Rule 56.1 Statement of Undisputed Material Facts ("SUMF") in the first column and listing K&R's Response to each of the 103 paragraphs in the second column. The third column is entitled "Comments". In this column, MHFA presents an argument, for each fact disputed by K&R, as to why the Court should accept MHFA's version of the facts.

## ARGUMENT

Local Civil Rule 7 (e) ("Rule 7(e)") specifies a page limitation for motions and replies.  Specifically Rule 7(e) states, "A memorandum of points and authorities in support of or in opposition to a motion shall not exceed 45 pages, *and a reply memorandum shall not exceed 25 pages*, without prior approval of the court.  *Documents that fail to comply with this provision shall not be filed by the Clerk.*" LCvR 7(e) (emphasis added).

In its Reply MHFA states, "For the Court's convenience, MHFA attaches as Exhibit A hereto a Table setting forth in side by side columns the statements in MHFA's SUMF, K&R's Counterstatement thereto, and the reasons why K&R's Counterstatement does not create any genuine dispute of material fact." Reply 2, n.1.  Clearly, "the reasons why K&R's Counterstatement does not create any genuine dispute of material fact" are an argument on the issue underlying MHFA's Motion for Summary Judgment that is pending before the Court, i.e. whether there are any genuine issues of material fact which would preclude the Court from granting MHFA's Motion for Summary Judgment.  Accordingly, Exhibit A is patently a 57-page extension of MHFA's Reply.  As such, MHFA's Reply is, in reality, an 82-page document (25 pages (Reply) + 57 pages (Exhibit A) = 82 pages) which far exceeds the 25–page limit imposed by Rule 7(e).

Further examination of Exhibit A reveals that, indeed, MHFA is attempting to skirt both the spirit and letter of Rule 7(e) by adding argument and case citations in the "Comments" column of Exhibit A.  In every instance in which K&R has disputed one of MHFA's alleged undisputed material facts, MHFA offers an argument, most of the time

supported by a case citation, as to why, in the opinion of MHFA, the facts from its SUMF remain undisputed.  Clearly, MHFA has added fifty-seven pages of argument to its Reply.

As the Court is well aware, it is left to the parties to specify what each party considers to be the undisputed and disputed facts in a given case.  MHFA, in its Reply, argues that K&R has not provided sufficient facts to dispute MHFA's version of the facts.  Although MHFA is free to argue this point,  MHFA is not free to make its argument beyond the parameters set by the Court which, pursuant to Rule 7(e), is a maximum of twenty-five pages.

## CONCLUSION

Exhibit A represents an amplification, point by point, of the argument in MHFA's Reply through the table created by MHFA.  While MHFA indicates it provided the table for the convenience of the Court, this 57-page table is nothing more than an extension of MHFA's argument. As such, MHFA has more than tripled the 25-page limit imposed by Rule 7(e).  Merely labeling a document as an exhibit does not automatically exempt it from the page limits imposed by Rule 7(e).[1]

As stated by Rule 7(e), any document that does not comply with Rule 7(e) "shall not be filed by the Clerk."  The logical remedy for a party's failure to comply with the 25-page limit imposed by Rule 7(e) is to strike the offending document.  Accordingly, the Court should strike Exhibit A.  *Cf. Rivera v. Caribbean Refrescos Inc.* 332 F. Supp.2d 435, 437-38 (D.P.R. 2004)(striking plaintiffs' opposition to defendant's motion for

---

[1] To be fair, since 52 of the 103 paragraphs from MHFA's SUMF are undisputed by K&R, approximately 29 of Exhibit A's 57 pages are devoted to MHFA's argument on why the paragraphs from its SUMF are undisputed.  Therefore, MHFA's Reply is, when taking into account the pages of argument from Exhibit A, actually a 54-page document.  This is still more than twice the number of pages permitted by Rule7(e).

summary judgment for failing to comply with the 25-page limit imposed by the local rules).

MHFA could have requested that the Court permit MHFA to exceed the 25-page limit imposed by Rule 7(e).  However, MHFA chose not to pursue this option available to it under the Court's Rules.  Since it was MHFA that chose to circumvent, rather than abide by, the Court's Rules, MHFA should pay the penalty.  The Court should not reward MHFA for such a blatant disregard of the Court's Rules.  Accordingly, the Court should strike from the Court's docket Exhibit A as attached to MHFA's Reply to K&R's Opposition to Defendant's Motion for Summary Judgment.

Respectfully submitted,

August 10, 2006
/s/ Carl A.S. Coan, Jr.
Carl A.S. Coan, Jr.
Carl A.S. Coan, III
Coan & Lyons
1100 Connecticut Avenue, N.W.
Suite 1000
Washington, DC 20036
202-728-1070

Attorneys for Plaintiff

## LOCAL RULE 7.1(m) STATEMENT

As required by LCvR 7.1(m), the foregoing motion was discussed with MHFA's counsel in a telephone conversation on August 1, 2006.  MHFA opposes K&R's Motion to Strike Exhibit A.

>/s/ Carl A.S. Coan, Jr.
>Carl A. S. Coan, Jr.

## Certificate of Service

I hereby certify that a copy of "Plaintiff's Motion to Strike Exhibit A to Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment" was mailed, postage prepaid, on August 10, 2006 to:

>Michal Tingle, Esq.
>Civil Division
>U.S. Department of Justice
>P.O. Box 261, Ben Franklin Station
>Washington, D.C. 20044

>/s/ Carl A.S. Coan, Jr.
>Carl A.S. Coan, Jr.